EAST ARKANSAS LUMBER COMPANY v. GERALD.

Opinion delivered February 1, 1932.

*Huddleston & Hughes,* for appellant.

*D. G. Beauchamp,* for appellee.

Mehaffy, J. The appellant, on January 25, 1927, filed suit in the Greene Chancery Court against Mrs. J. F. Gerald and J. B. Walker & Sons, contractors, for material and lumber sold and delivered to the premises of Mrs. J. F. Gerald for the construction of a dwelling house. The house was built for Mrs. Gerald by the contractors, J. B. Walker & Sons.

The appellant alleged that between May 18, 1926, and November 1, 1926, it sold and delivered to the contractors various materials, consisting of lumber, hardware and other materials, and attached to the complaint was an itemized and verified statement, showing the amount due of $1,422.29. It alleged that Mrs. J. F. Gerald had entered into a contract with J. B. Walker & Sons for the construction of the building, and that the material furnished by it was used in the construction of the building which was located on lot 6, block 15, West End Addition to the city of Paragould, Arkansas.

Judgment was asked against the contractors for the sum above mentioned, and for a lien upon the property described, for sale of the property, and for all other and proper relief.

Answers were filed by the contractors and Mrs. Gerald denying the material allegations in the complaint.

The building was completed on September 15, and Mrs. Gerald moved in about October 1, 1926. She accepted the building and paid the contractors the contract price.

The appellant alleged that thereafter on November 1 it furnished other materials amounting to 30 cents, and that their time in which to file a lien began to run from November 1, and not September 15, because they say this 30 cents worth of material was a part of the original contract.

The evidence offered on the part of the appellant tends to show that material was furnished on November

1, which consisted of two or three sash lifts. The appellant's evidence also shows that the last item before that was furnished on September 17.

One of appellant's witnesses testified that his record did not show who delivered the material to the premises, but that he knew, from his own personal knowledge, that the material was delivered to the premises by employees of the East Arkansas Lumber Company. No receipt was taken when the material was delivered.

Another witness for appellant, a carpenter, testified that he remembered about the item of the value of 30 cents furnished on November 1. He also testified that Mrs. Gerald was living in the house at the time, but does not know how long she had lived there; and, continuing to testify, he says that he does not know the date when this material was delivered, but that Mrs. Gerald was present at the time they were put in place.

Mrs. Gerald testifies that the contractors completed the building under the contract about September 15. They notified her it was completed, and she went through the building making an examination. They sent her the key, and she accepted it. She says it appeared to her to comply with all the terms and plans and specifications; that she accepted the building at that time, and moved in about October 1, and has lived there ever since. She paid all of the contract price to Walker at the time she accepted the building. She testified that no further work was done under the contract after the house was turned over to her on September 15. She accepted the windows as completed and the sashes installed. She does not remember any men doing any work around the house about November 1. They did not install any window lifts under her instructions.

T. L. Huddleston, local manager for appellant, was recalled, and testified that he knew of but one contract, and did not know that the house was turned over by Walker & Sons, and had no notice that it had been turned over. This witness had charge of the affairs of the East Arkansas Lumber Company in Paragould.

The undisputed evidence shows that Horace J. Whitsitt was the owner of the lot on which the building described was erected; that Whitsitt died October 12, 1918; that Horace W. Whitsitt, one of the appellees, was about six years old when his father died; that the house in which they lived during Whitsitt's lifetime, and which was the homestead of the Whitsitt family, was torn down for the purpose of erecting the building upon which the lien is sought.

The widow of Horace J. Whitsitt married J. F. Gerald, and still occupied the place as a homestead. Mrs. Gerald, without getting permission of any court or any other person, tore down the original and made the contract with Walker & Sons for the present building. Horace Whitsitt, the appellee, was about 14 years old at the time the contract was made.

On January 27, 1931, appellant filed an amendment to its complaint, alleging the death of Horace Whitsitt, the owner of the homestead; that he died intestate, and left as his only heir a son, Horace Whitsitt, a minor, who owned the premises, and that his mother, Mrs. J. F. Gerald, owned a life estate, and that it was necessary to make said minor, Horace Whitsitt, a defendant.

Summons was served on the minor January 28, 1931, and answer was filed for him, in which he claimed to be the owner of the property; alleged that at the time of his father's death there was a good and substantial residence on said premises; that it was the homestead of his father at the time of his death, and has been his homestead ever since the death of his father; that the residence was illegally and wrongfully torn down, and the house now on the premises erected; that there could be no lien for materials and labor without proper authority; that no authority was given by Horace Whitsitt, and that his property was not subject to any lien; that he did not contract for the construction of any house, and no one had authority to contract for him, and he denied appellant's right to a lien; and stated that no lien was attempted to be filed within the time allowed by law.

We do not deem it necessary to decide the questions of Mrs. Gerald's right to contract for the construction of the building, or the right of appellant to create a lien on the property of the minor, because we have reached the conclusion that appellant's claim for a lien was not filed within the time allowed by law.

The chancery court entered a decree in favor of the appellees, Mrs. J. F. Gerald and Horace Whitsitt, and, as to them, dismissed the complaint of appellant for want of equity. As to the other defendants, the court made no finding for the reason stated in the decree that the plaintiff seemed to have abandoned its cause of action therein. The case is here on appeal.

The statute provides: "It shall be the duty of every person who wishes to avail himself of this act to file with the clerk of the circuit court of the county in which the building, erection or other improvement to be charged with the lien is situated, and within ninety days after the things aforesaid shall have been furnished or the work or labor done or performed, a just and true account of the demand due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien, verified by affidavit." Section 6922, Crawford & Moses' Digest.

The undisputed proof shows that the house was completed about September 15, and Mrs. Gerald moved into it October 1. She paid the contractors in full, made an examination of the house, and decided that it was finished according to contract. But, assuming that appellant's testimony is correct, that they furnished some of the material on the 17th of September, the lien was not filed in time. It must have been filed within 90 days after September 17th, unless the 30 cents worth of material alleged to have been purchased about November 1, was a part of the original contract and authorized the filing of a lien for the whole amount within ninety days thereafter.

We do not think it can be considered a part of the contract, for the reason that Mrs. Gerald testifies that the contract was completed on September 15, she accepted

it as complete, paid the contractors, and no material was thereafter furnished with her knowledge or consent. We do not think that the delivery of a trifling item like thirty cents' worth of material, a month or two after she had accepted the contract, and furnished without her knowledge or consent, would extend the time allowed by law for filing the lien for the whole amount.

Moreover, the real owner of the building was not notified or served until January 28, 1931, four years after it is claimed the material was furnished.

Appellant's claim for lien not having been filed within the time allowed by law, its right to a lien, if any existed at all, was barred.

The decree of the chancery court is correct, and is therefore affirmed.